UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CHARLES ALSTON,

                Plaintiff,

          -against-

NYCDOC RIKERS ISLAND, E.M.T.C.,

                Defendant.
--------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-4081 (OEM) (JMW)

ORELIA E. MERCHANT, United States District Judge:

On July 7, 2026, *pro se* Plaintiff Charles Alston ("Plaintiff"), who is currently incarcerated at the Robert N. Davoren Complex ("RNDC") on Rikers Island, commenced this action against the New York City Department of Correction ("DOC"), asserting claims under 42 U.S.C. § 1983 ("Section 1983"). *See generally* Civil Rights Complaint, Dkt. 1 ("Complaint" or "Compl."). Plaintiff simultaneously filed a request to proceed *in forma pauperis* ("IFP"), *see* Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Dkt. 2 ("IFP Motion" or "IFP Mot."), and an executed prisoner authorization form pursuant to 28 U.S.C. § 1915, *see* Prisoner Authorization Form, Dkt. 3.

Plaintiff's IFP Motion is granted. However, for the following reasons, Plaintiff's claim against the DOC is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915A(b)(1); *id.* § 1915(e)(2)(B)(ii), and Plaintiff is granted leave to file an amended complaint by August 31, 2026.

## BACKGROUND

Plaintiff alleges that on January 28, 2025, while showering at the Eric M. Taylor Center ("EMTC") on Rikers Island, he noticed black mold and contaminated water in the shower. Compl.

at 4.[1]   Thereafter, Plaintiff asserts that he developed pain and swelling in his foot and requested a medical appointment, which was denied. *Id.*  On February 3, 2025, Plaintiff was taken to Bellevue Hospital, where he remained for eight days to treat cellulitis and a skin infection. *Id.* at 4-5.  Plaintiff seeks monetary damages for pain and suffering, negligence, and mental anguish, as well as punitive damages. *Id.* at 6.

## LEGAL STANDARD

When reviewing an action filed in forma pauperis, the Court must dismiss a complaint *sua sponte* if it determines that the suit is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A complaint fails to state a claim upon which relief may be granted where it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the Court is mindful that a plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*," the Court "remain[s] obligated to construe a *pro se* complaint liberally.").

---

[1] When citing to the Complaint, the Court refers to the page numbers contained in the automatically generated ECF header.

2

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

## DISCUSSION

### A. Plaintiff's Claims Against DOC

Plaintiff identifies the DOC as the only defendant in this civil action. *See* Compl. at 2. However, Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17, § 396. This provision has been construed to include New York City departments and agencies, such as the DOC. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Thus, Plaintiff's claims against the DOC are dismissed because it is not a suable entity. *See Louis v. City of New York*, 24-CV-9718, 2026 WL 765593, at *7 (S.D.N.Y. Mar. 18, 2026) (noting that even if the claim survived against the City of New York, it would be dismissed against the DOC because it is not a suable entity); *Simmons v. NYC Dep't of Corr.*, 23-CV-7829, 2025 WL 821682, at *3 (E.D.N.Y. Mar. 14, 2025) (dismissing claims against the New York City Police Department and DOC because they are non-suable entities).

### B. Plaintiff's Section 1983 Claims

Plaintiff brings his claims under Section 1983. *See* Compl. at 1. Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation,

custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." *See* 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993); *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution" and "the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 616, 620 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). Here, the Complaint is devoid of allegations of an individual official's direct personal involvement and fails to assert the elements of a constitutional violation. Thus, Plaintiff fails to state a cognizable cause of action under Section 1983.

To the extent that the Complaint is liberally construed to attempt to assert a claim of deliberate indifference to medical needs under the Eighth Amendment of the U.S. Constitution ("Eighth Amendment"), Plaintiff similarly fails to state a cognizable claim. "To establish an Eighth

4

Amendment violation arising out of inadequate medical treatment a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (alteration in original) (quoting *Estelle*, 429 U.S. at 104).  To allege such a violation, a prisoner must plausibly allege two requirements: (1) an objective requirement that the alleged deprivation of medical treatment was "sufficiently serious," *i.e.*, "that his medical need was 'a condition of urgency, one that may produce death, degeneration, or extreme pain,'" and (2) a subjective requirement "that the charged official acted with a 'sufficiently culpable state of mind,'" *i.e.*, "that the charged official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (first quoting *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998); then quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998); and then quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *see Mendez v. Sposato*, 10-CV-3681 (JS)(WDW), 2010 WL 4788029, at \*2 (E.D.N.Y. Nov. 15, 2010).  In support of the second requirement, a "plaintiff must allege 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Johns v. Goord*, 9:09-CV-1016, 2010 WL 3907826, at \*2 (N.D.N.Y. Sep. 30, 2010) (quoting *Estelle*, 429 U.S. at 106).

Here, Plaintiff does not name an individual defendant that was personally involved in the facts giving rise to his claims.  Further, because he does not identify an individual defendant, Plaintiff fails to allege any facts from which the Court can infer deliberate indifference.[2]  Thus,

---

[2] Plaintiff does not identify whether he is a pretrial detainee.  A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution ("Fourteenth Amendment"), and pretrial detainees are not required to establish subjective intent to punish or to subject detainees to substantial risk of harm. *Darnell v. Pineiro*, 849 F.3d 17, 29, 34-35 (2d Cir. 2017).  In any event, even if Plaintiff is a pretrial detainee, he still fails to allege that any individual officer knew of or should have known of the serious condition and failed to act. *See Feda v. Doe*, 24-CV-6302 (LTS), 2024 WL 5091757, at \*2 (S.D.N.Y. Dec. 10, 2024) (dismissing *pro se* pretrial detainee's Fourteenth Amendment claim for failure to allege sufficient facts for inadequate medical care and noting that he also failed to allege facts "suggesting that any individual correction officer or other official knew of, or should have known of, the serious conditions and failed to act to mitigate the risks").

5

because Plaintiff does not name an individual subject to liability under Section 1983, nor how any defendant acted with deliberate indifference, his claims are dismissed for failure to state a claim upon which relief can be granted. *See Mendez*, 2010 WL 4788029, at *3 (dismissing the *pro se* plaintiff's Eighth Amendment claim with leave to amend, for failure to sufficiently allege an Eighth Amendment violation, noting that the plaintiff failed to attribute any alleged wrongdoing to a named defendant).

Even liberally construing Plaintiff's claims against DOC as claims against the City of New York, Plaintiff fails to state a claim under Section 1983. Municipalities like the City of New York are liable under Section 1983 only where "execution of a government's policy or custom" causes a constitutional violation. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978). To establish liability under *Monell*, a plaintiff "must allege facts demonstrating (1) the existence of an officially-adopted 'policy, custom, or practice' and (2) a direct and deliberate causal connection between that 'policy, custom, or practice' and the violation of plaintiff's federally-protected rights." *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403-04 (1997)).

Here, Plaintiff fails to allege the existence of an official policy, custom, or practice that resulted in a violation of his constitutional rights and thus fails to plausibly allege a claim under *Monell* as to the City of New York. *See Roberts v. City of New York*, 1:14-cv-5198-GHW, 2016 WL 4146135, at *7 (S.D.N.Y. Aug. 2, 2016) (dismissing *pro se* plaintiff's Section 1983 claims against the City of New York for failure to plausibly allege a claim under *Monell*).

## CONCLUSION

Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); *id.* § 1915(e)(2)(B)(ii).

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Accordingly, the Court grants Plaintiff leave to file an amended complaint by August 31, 2026. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff must provide all relevant dates, and include a short, plain statement of facts sufficient to support a plausible claim. To the extent that Plaintiff seeks to assert a claim against individual defendants, the amended complaint shall name the individual defendants responsible for the alleged deprivation of his constitutional rights.[3] Plaintiff should describe what each named defendant or defendants did or did not do and how each defendant caused Plaintiff injury. Plaintiff must also provide the dates and locations for each relevant event. Finally, Plaintiff must set forth the remedy he seeks. Plaintiff is advised that an amended complaint completely replaces the Complaint; therefore, all claims Plaintiff wishes to pursue must be in the amended complaint. The amended complaint must be captioned "Amended Complaint," and shall include the same docket number as this Order: 26-CV-4081 (OEM) (JMW). Plaintiff may attach any documents relevant to his claims to his amended complaint. Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, confidential, limited-scope legal assistance. The Federal Pro Se Legal Assistance Project is not a part of, or affiliated with, the Court.

---

[3] A Section 1983 claim for damages can only be asserted against individual defendants named in their individual capacities, as opposed to their official capacities, and cannot be asserted against the State of New York due to immunity conferred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (explaining that agencies and departments of the state are entitled to assert the state's Eleventh Amendment immunity); *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (collecting cases and explaining that the state, state agencies, and prison officials in their official capacities have Eleventh Amendment immunity from suits seeking monetary damages in Section 1983 civil rights actions).

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time, and all further proceedings shall be stayed. If Plaintiff fails to file an amended complaint by August 31, 2026, or cure the deficiencies discussed herein, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to send a copy of this order to Plaintiff and to note the mailing on the docket.

SO ORDERED

/s/_____
ORELIA E. MERCHANT
United States District Judge

July 30, 2026
Brooklyn, New York